

FILED
CLERK, U.S. DISTRICT COURT

MAR 1 0 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1   Joseph Y. Avrahamy, Esq., (SBN: 150885)
    **LAW OFFICES OF JOSEPH Y. AVRAHAMY**
2   16530 Ventura Boulevard, Suite 208
    Encino, California 91436
3   Telephone Number: (818) 990-1757
    Fax Number: (818) 990-1955
4   Email: javrahamy@jyalaw.com

5

6   Attorneys for Plaintiff,
    MARTIN SISSAC

7

8

9               **UNITED STATES DISTRICT COURT**

10   **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

11   MARTIN SISSAC,                     Case No.: CV15 - 1741 JAK FFMx

12
                                        **COMPLAINT FOR DAMAGES:**
13              Plaintiff,

14   vs.                                1.  **First Cause of Action for**
                                            **Violation of First**
15   CITY OF INGLEWOOD; MAYOR               **Amendment and**
     JAMES T. BUTTS; CHIEF OF POLICE        **Fourteenth Amendment of**
16   MARK FRONTEROTTA AND DOES 1            **United States Constitution**
     THROUGH 10, INCLUSIVE,                 **against Individual**
17                                          **Defendants**

18              Defendants.             2.  **Second Cause of Action for**
                                            **Violation of First**
19                                          **Amendment and Fourteenth**
                                            **Amendment of United States**
20                                          **Constitution against City of**
                                            **Inglewood under *Monell***
21
                                        3.  **Violation of Labor Code**
22                                          **Section 1102.5-Whistleblower**
                                            **Retaliation**
23
                                        4.  **Defamation**
24                                      5.  **Violation of Govt. Code**
                                            **§3304**
25

26                                      ***DEMAND FOR JURY TRIAL***

27

28

                              -1-
                  COMPLAINT FOR DAMAGES

**PLAINTIFF MARTIN SISSAC, HEREINAFTER REFERRED TO AS "PLAINTIFF", ALLEGES AS FOLLOWS FOR CLAIMS FOR RELIEF HEREIN:**

## I

## JURISDICTION

1.      This is an action for deprivation of civil rights under color of state law brought pursuant to the Title 42 United States Code Section 1983, for remedies for Defendants' deprivation of Plaintiff's civil rights.  By this action, Plaintiff seeks all relief to which he may be entitled, under both state and federal laws, including but not limited to compensatory and punitive damages, attorneys' fees and costs, and prejudgment interest.  Jurisdiction of the subject matter of this action is established in this court pursuant to 28 U.S.C. Section 1331 and 1343, and over supplemental claims for relief arising under state law pursuant to 28 U.S.C. Section 1367(a).

## II

## VENUE

2.      Venue lies in this Court pursuant to 28 U.S.C. Section 1391(b)(1) and (2).

## III

## CLAIMS FOR RELIEF

3.      Plaintiff is an individual who at all times mentioned herein resided in the State of California.

4.      Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, were and now are residents of the State of California.

5.      Defendants Mayor James T. Butts and Chief Mark Fronterotta and Does 1 through 10, Inclusive, were residents of the State of California, and were employees and representatives of the City of Inglewood. At all times relevant hereto, said Defendants were acting within the course and scope of their

COMPLAINT FOR DAMAGES

employment. The wrongful acts hereinafter described flow from the very exercise of their authority. Each Defendant named herein is sued in his/her individual and official capacity.

6.      Plaintiff is informed and believes and based thereon alleges that the City of Inglewood is a municipality that owns and maintains its own law enforcement agency, City of Inglewood Police Department ("IPD"), where the Plaintiff was employed.

7.      Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, Defendants and DOES 1 through 10, inclusive, were employed by or were agents of the City of Inglewood.   Plaintiff is informed and believes that DOES 1 through 10, inclusive are residents of County of Los Angeles, State of California.

8.      At all times herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant named and unnamed in this complaint.

9.      The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names.  Each Defendant is sued individually and in his/her official capacity as defined in the present complaint.  Plaintiff will seek leave to amend this complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

10.      Plaintiff is informed and believes and thereon alleges that, at all times mentioned, each of the Defendants, including the fictitiously named defendants, was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope and course of such agency.

COMPLAINT FOR DAMAGES

## IV
## STATEMENT OF FACTS

11.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 10, inclusive.

12.    Plaintiff MARTIN SISSAC was hired by Defendants CITY OF INGLEWOOD on October 18, 1993 as a police officer. In 2000, Plaintiff was promoted to Sergeant and in 2006 he was promoted to Lieutenant. Plaintiff performed at an exceptional level and in 2008, became one of the youngest employees to be promoted to the position of Police Captain.

13.    As a newly appointed Captain, Plaintiff was assigned to the Office of Administrative Services, ("OAS") which was an office that at that time was in charge of the following divisions and sections: (1) Custody division, (2) Records division, (3) Property division, (4) Background unit, (5) Personnel section, (6) Recruitment section, (7) Fiscal Services, (8) Grants, and (9) Facilities/Technology. The other offices in the IPD at that time included the Office of Criminal Investigations and the Office of Patrol Services. Plaintiff's ultimate goal was to be transferred to Office of Patrol Services.

14.    In early 2009, the United States Department of Justice, made a grant available for qualified local police departments, which was called COPS Hiring Recovery Program (CHRP). CHRP, was a competitive grant program that provided funding directly to law enforcement agencies, to be used to create and/or preserve jobs. One of Plaintiff's responsibilities while he was assigned to OAS, involved CHRP. Plaintiff had to learn the requirements related to CHRP, make recommendations pertaining to CHRP and was involved in applying for CHRP.

15.    On July 31, 2009, IPD was awarded 3 million dollars from CHRP to hire 10 police officers. However, under the CHRP rules, there was a requirement that the City needed to expend its money from the general account before it could

COMPLAINT FOR DAMAGES

1  draw funds from the grant for the hiring of police officers.

2      16.    On September 22, 2009, in a Letter of Guidance from the United

3  States Department of Justice, the requirement was explained as follows:

4      "The non-supplanting requirement of the COPS statute means that COPS

5      funds may not be used to supplant or replace local funding which otherwise

6      would have been spent on law enforcement purposes."

7      17.    Due to the City having funds in the general account for the hiring of

8  new police officers, although the grant funds were available, based on the

9  nonsupplanting requirement of the COPS statute, the City was unable to use the $3

10  million dollars grant money for hiring of new police officers.

11      18.    On January 11, 2011, Defendant James T. Butts was elected as

12  Mayor of Inglewood. After James Butts became mayor, he communicated that he

13  wanted to find a way to be able to utilize the $3 million dollars that was allocated

14  from the CHRP grant, but had not been spent due to the legal limitations.

15      19.    On July 27, 2011, Plaintiff attended a meeting to discuss CHRP. The

16  following people attended the meeting: Mayor James T. Butts, the City Manager,

17  Artie Field, then Chief of Police Jacqueline Seabrooks, the interim City Manager,

18  Mark Weinberg and two subordinates. The Mayor wanted to know if the CHRP

19  grant could be used by modifying the grant from its initial purpose of hiring new

20  police officers to another permissible purpose of retaining police officers that

21  would have otherwise needed to be laid off due to budget constraints. During the

22  meeting, Artie Fields explained that the City can obtain the grant funds by making

23  it appear that the City needed to lay off officers. Plaintiff spoke out in

24  disagreement with Mr. Fields' suggestion and explained that based on his

25  experience and training with the grant, that suggestion would be illegal because it

26  would violate CHRP's non supplanting requirement. Mayor Butts laughed at

27  Plaintiff's comment in a disparaging manner.

28      20.    On July 28, 2011, Artie Field requested that Plaintiff meet with him in

-5-

COMPLAINT FOR DAMAGES

his office to discuss CHRP. Mr. Fields stated that the City planned on using CHRP funds to offset the cost of police officer staffing costs. Plaintiff once again explained that it appeared that the City was intentionally planning on supplanting General Fund monies with CHRP funds and that the City could not do that because it was illegal. Following the meeting, Plaintiff met with Chief Seabrooks and expressed to her that it appeared that Mr. Fields intended on supplanting General Fund monies with CHRP funds.

21.    On October 4, 2011, the Inglewood Today reported as follows, "According to Mayor Butts, a $3 million, 3-year grant has been secured for the Inglewood Police Department."

22.    On October 4, 2011, Captain Fronterotta called Plaintiff on the telephone to report that Chief Seabrooks will send layoff notices to eight police officers on October 5, 2011. Plaintiff asked if the City really planned on laying off these eight police officers and he was told that they were not. Plaintiff expressed to Captain Fronterotta that he would not be part of this inappropriate and illegal action. Plaintiff re-explained the non-supplanting clause in the CHRP grant.

23.    On October 5, 2011, Chief Seabrooks and Captain Fronterotta met with eight police officers who were purportedly going to be laid off, to enable the City to obtain the grant money. It was explained to the 8 officers that they were going to receive layoff notices, but they were not really going to be laid off.

24.    In October of 2011, after it became evident that the City was violating the law, Plaintiff met with the City Attorney, Cal Saunders, and expressed to him his concerns that the City was violating the law. Cal Saunders stated that he would look into the matter. Instead of looking into the legality of the matter, Cal Saunders disclosed the discussion that he had with the Plaintiff to Defendant Mayor Butts.

25.    As a result of Plaintiff's disclosures that the City was acting illegally, Plaintiff became the target of retaliation as follows:

COMPLAINT FOR DAMAGES

A.   On February 1, 2012, Defendant Butts, publicly humiliated the Plaintiff in a debriefing in the presence of Plaintiff's subordinates, following a visit to Inglewood by the First Lady, Michelle Obama. The public chastising and criticisms were unwarranted and was a clear indication of Defendant Butt's strong dislike for the Plaintiff.

B.   In early 2012, Plaintiff became the subject of an internal affairs investigation into allegations that he created a hostile work environment for two subordinates. The investigation was baseless and was pretext for the underlying goal of defaming the Plaintiff and retaliating against the Plaintiff.

C.   On February 29, 2012, Plaintiff was informed that a psychologist was hired to evaluate him because he acted in a manner that was a physical threat to his staff. The evaluation was conducted on March 6, 2012. On May 2, 2012, Plaintiff learned that he was exonerated in the hostile work environment investigation.

D.   Plaintiff was shunned by command staff and removed from all decision making.

E.   In May of 2012, after Plaintiff accepted a voluntary transfer from Detective Bureau (Office of Criminal Investigations) to the Office of Administrative Services (Office of Administrative Services "OAS"), the IPD, suddenly underwent a reorganization which removed key responsibilities from the Plaintiff that would otherwise be a part of OAS. In the reorganization, Plaintiff was no longer in charge of the units that handled any of the financial aspects of the IPD, including Fiscal Services, and Grants.

F.   Despite repeated requests to transfer to Patrol Bureau, which is known as a stepping stone for promotional opportunities within the department and outside the department, Plaintiff was denied the

-7-

transfer requests and the prestigious assignment was given to Captains with less experience and less seniority than the Plaintiff.

26.     As a result of the adverse employment actions and the hostile environment that was created, from April of 2013 to March of 2014, Plaintiff accepted a position with Inglewood Unified School District, as Chief of Police of the Inglewood Unified School District Police Department. The position was made available as a result of a contract between the City of Inglewood and the Inglewood Unified School District. While Plaintiff was working as the Chief of Public Safety Services (Chief of Police) for the Inglewood Unified School District, he was prohibited from wearing the insignia of Chief of Police, which was another attack against the Plaintiff.

27.     On April 15, 2014, when the City and the Unified School District did not renew their contract, Plaintiff was forced to return to the IPD. Plaintiff requested to be assigned to the Patrol Bureau, and believed based on his seniority and his experience he should have been assigned to Patrol. Chief Fronterotta refused to assign Plaintiff to Patrol Bureau. For approximately three months Plaintiff was not given any assignments and was forced to sit in his office without an assignment. Chief Fronterotta was aware that Plaintiff was sitting in his office without any assignments. Plaintiff complained to the Chief that he was hampering his career development by not assigning him a bureau to command and specifically by not assigning him to the Patrol Bureau. Historically, Police Captains are rotated through all the Bureaus to develop well rounded police administrators. The typical progression of a Police Captain is to start at the Administrative Services Bureau (formerly OAS) then transfer to Detective Bureau (formerly OCI) and finally to the Patrol Bureau (formerly OPS). Despite his seniority, Plaintiff was continuously refused the assignment to Patrol Bureau.

28.     After Plaintiff's return to the IPD, the retaliation continued as follows:

A.     On May 20, 2014, Plaintiff was served with a written reprimand for an

-8-

incident that occurred more than one year prior in violation of Plaintiff's rights under the Peace Officer Bill of Rights Act, (POBRA). The written reprimand pertained to a trumped up allegation that Plaintiff missed a training that he was exempt from attending. On June 17, 2014, Plaintiff filed an appeal where he alleged that the written reprimand was in violation of POBAR and that he has been suffering from disparate treatment and hostile working environment for the past two years. Defendant Chief Fronterotta overturned the penalty in response to the appeal, but in violation of applicable rules, failed to remove the written reprimand from Plaintiff's personnel file.

B.    On June 9, 2014, Plaintiff learned that Mayor Butts had published a defamatory statement about him to Kevin Harris a father of a homicide victim, whom Plaintiff had developed a close relationship with. During the conversation Kevin Harris was complementing the Plaintiff stating that he was the only one that would communicate with him from the department. Mayor Butts responded by stating that Plaintiff has severe deficits in his performance. Kevin Harris was shocked by Mayor Butts' statements. On information and belief it is alleged that Mayor Butts, routinely defamed the Plaintiff.

C.    On July 15, 2014, Plaintiff was served with a 2012-2013 performance evaluation. This evaluation was the only evaluation he had received since 2010. The evaluation including erroneous and disparaging statements about the Plaintiff. The performance evaluation included a document entitled "Performance Concerns" that contained erroneous statements critiquing the Plaintiff's recommendations to follow established hiring practices. The document entitled "Performance Concerns" was not a written reprimand, but a document which Defendant Fonterotta kept to document erroneous charges against the

-9-

1  Plaintiff and to further defame and humiliate him.

2  D.   In the performance evaluation, Chief Fronterotta failed to include

3  complimentary information that should have been included pertaining

4  to Plaintiff's performance as the Chief of Police of Inglewood Unified

5  School District. The IPD received complimentary information about

6  the Plaintiff from various members of the Unified School District, but

7  none of that information was included in Plaintiff's performance

8  evaluation.

9  E.   Plaintiff was left out of decision making affecting his area of

10  command.

11  F.   On July 17, 2014, Defendant Fronterotta took further steps to diminish

12  the duties and responsibilities of the Plaintiff who was assigned to the

13  Administrative Bureau. In another reorganization, 1) Fiscal Services,

14  (2) Grants, (3) Technology, (4) Training/Range, (5) Personnel Section

15  (7) Background Section, and (8) Recruitment Section were removed

16  from Plaintiff's control. Under the new reorganization the only

17  remaining units under Administrative Bureau were Custody and

18  Records.

19  29.   On July 22, 2014, Plaintiff filed a grievance pertaining to the

20  erroneous and defamatory performance evaluation. Plaintiff indicated in his

21  grievance that the performance evaluation was retaliation against him because he

22  expressed his concern that the actions of the Defendants, were unethical and/or

23  criminal. The IPD failed to investigate Plaintiff's allegations that he was the victim

24  of retaliation.

25  30.   On August 22, 2014, Plaintiff filed a claim for damages alleging that

26  Chief Fronterotta violated POBAR by initiating an investigation over a year after

27  the alleged violation occurred.

28  31.   On September 6, 2014, Plaintiff was informed that his request to

-10-

COMPLAINT FOR DAMAGES

attend the LAPD Leadership Program was denied. The request had been approved previously.

## V.
## INJURIES TO PLAINTIFF

32.     As a result of the aforesaid unlawful acts of defendants, and each of them, Plaintiff suffered from physical illness and physical injuries and was personally humiliated and has become mentally upset, distressed and aggravated from Defendants' wrongful acts and/or omissions as described herein. Plaintiff has suffered from tachycardia, sleeplessness, depression, anxiety, loss of identify, weight loss, and isolation. Plaintiff's has been humiliated from the defamation and the attacks on his character. Plaintiffs also alleges that he lost and will continue to lose income from loss opportunities, benefits and pension, in an amount to be proven at time of trial.  Plaintiff claims such amount as damages together with prejudgment interest pursuant to *California Civil Code* § 3287 and/or any other provision of law providing for prejudgment interest.

## VI.
## FIRST CAUSE OF ACTION
## VIOLATION OF FIRST AMENDMENT AND FOURTEENTH AMENDMENT OF UNITED STATES CONSTITUTION (42 U.S.C. §§1983 AND 1988)
## BY PLAINTIFF AGAINST THE  INDIVIDUALLY NAMED DEFENDANTS IN THE THEIR OFFICIAL AND INDIVIDUAL CAPACITY AND DOES 1 THROUGH 10, INCLUSIVE

33.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 32, inclusive.

34.     This cause of action arises under Title 42 United States Code, §§ 1983 and 1988 wherein Plaintiff seeks to redress deprivation under color of state law of

-11-

a right, privilege or immunity secured under the First Amendment and applied to the States under the Fourteenth Amendment.

35.     As a result of above described intentional acts and omissions of the Defendants and each of them, Plaintiff's constitutional right that is the First Amendment was violated when as a result of Plaintiff engaging in protected speech, Defendants engaged and continue to engage in a pattern of retaliation against the Plaintiff and have created a hostile work environment.

36.     Plaintiff engaged in speech that was a matter of public concern by speaking about the illegal conduct of certain public officials in the manner that they were using the $3 million dollar CHRP federal grant.

37.     Plaintiff engaged in the First Amendment speech as a private citizen and not as part of his official duties. Plaintiff's report about the illegality of the CHRP grant to the City Attorney.

38.     As described herein, Plaintiff's protected speech was a substantial or motivating fact in the adverse employment action taken against the Plaintiff.

39.     Each of the individually named defendants were aware that Plaintiff engaged in protected speech.

40.     There was no adequate justification for Plaintiff to suffer from the adverse actions described herein and it was clear that Plaintiff suffered from unjustified disparate treatment.

41.     Absent the protected speech of the Plaintiff, the Plaintiff would not have suffered from the adverse action taken against him, and thus the Defendants did not have a legitimate reason to take the adverse actions described herein.

42.     The above referenced acts and omissions of the individually named Defendants and each of them, were conducted in their law enforcement or official capacity.

43.     Plaintiff is informed and believes and thereby alleges that at all times mentioned herein, the named individual Defendants and DOES 1 through 10,

-12-

inclusive, and each of them, were duly appointed, qualified and acting agents/employees, of the City of Inglewood, State of California, and that at all times mentioned herein, were acting within the course and scope of such capacities under the color of state law.

44. Defendants and DOES 1 through 10, inclusive, and each of them, failed and refused to intervene or prevent or try to prevent the wrongful conduct of the other.

45. As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered from a physical injury and illness, mental anguish, emotional stress and anxiety damages, in a sum to be determined by this Court. Plaintiff also expended medical expenses for treatment for his injuries and claims special damages in a sum to be determined by this Court.

46. As a further proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered from loss of income, loss of future income, loss of benefits and loss of pension benefits in a sum to be determined by this Court. Plaintiff will also seek prejudgment interest for loss of past income.

47. The aforementioned acts and omissions of each Defendant was done by each Defendant knowingly, intentionally, willfully, maliciously or with such callous disregard with purpose of harassment, oppression and infliction of injury upon the Plaintiff. This was done with reckless, wanton and callousness of Plaintiff's civil rights and by reason thereof Plaintiff claims exemplary and punitive damages from Defendants and DOES 1 through 10, inclusive, except Defendant City of Inglewood in the sum determined by this Court, to deter, prevent and educate said Defendants from ever inflicting such injuries again upon any individual.

48. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff retained attorneys to represent him and did incur investigation costs, expenses, attorneys' fees, and legal costs. Plaintiff requests

-13-
COMPLAINT FOR DAMAGES

1 | payments by Defendants, and each of them, for compensation of fees and costs

2 | pursuant to Title 42 U.S.C. § 1988.

3 | ## SECOND CAUSE OF ACTION

4 | ## MONELL CLAIM FOR VIOLATION OF THE FIRST

5 | ## AMENDMENT AND FOURTEENTH AMENDMENT

6 | ## AGAINST THE CITY OF INGLEWOOD

7 | 49.    Plaintiff refers to and incorporates by reference the allegations in

8 | Paragraphs 1 through 48, inclusive, as if set forth in full here.

9 | 50.    Defendants City of Inglewood is alleged to have maintained a policy

10 | permitting the occurrence of the type of wrongs described herein, and based on the

11 | principal set forth in *Monell vs. New York City Department of Social Services*

12 | (1978) 436 U.S. 648 and *Heller vs. Bushey* (9th Cir. 1985) 759 F.2d 1371, is liable

13 | for all injuries sustained by Plaintiff.

14 | 51.    In perpetrating the above referenced acts and omissions, the

15 | Defendant City of Inglewood, hereinafter referred to as "City", was at all relevant

16 | times herein, a municipality.

17 | 52.    Plaintiff's civil rights were violated under 42 U.S.C. § 1983 when as a

18 | result of a policy, custom and practice of the City of Inglewood, as promulgated by

19 | the City of Inglewood's policymakers including Defendant Mayor Butts and

20 | Defendant Chief Fronterotta, Plaintiff's first amendment rights were violated when

21 | he was retaliated against as set forth herein.

22 | 53.    The conduct of the Defendant City of Inglewood as stated herein, and

23 | the violation of the civil rights of the Plaintiff was the product of a policy to

24 | retaliate against the Plaintiff for engaging in protected speech. By approving and

25 | participating the wrongful and retaliatory termination of the Plaintiff, the

26 | policymakers ratified the unlawful actions of its subordinates and thus Defendant

27 | City of Inglewood is liable under *Monell vs. New York City Department of Social*

28 | *Services* (1978) 436 U.S. 648.

-14-

54.     As a result of the above described intentional acts and omissions of Defendant City of Inglewood, Plaintiff's constitutional rights, that is, the First and Fourteenth Amendments were violated when Plaintiff suffered from adverse employment actions as described herein.

55.     As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered from a physical injury and illness, mental anguish, emotional stress and anxiety damages, in a sum to be determined by this Court.

56.     As a further proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered from loss of income, loss of future income, loss of benefits and loss of pension benefits in a sum to be determined by this Court.

57.     By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff retained attorneys to represent him and did incur investigation costs, expenses, attorneys' fees, and legal costs.  Plaintiff requests payments by Defendants, and each of them, for compensation of fees and costs pursuant to Title 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION
## WHISTLEBLOWER RETALIATION IN VIOLATION OF LABOR CODE SECTION 1102.5 AGAINST ALL DEFENDANTS

58.     Plaintiff refers to and incorporates by reference the allegations in Paragraphs 1 through 57, inclusive, as if set forth in full here.

59.     Plaintiff engaged in protected activity pursuant to Labor Code Section 1102.5, by reporting to the City Counsel of the City of Inglewood that Defendants were engaging in criminal activity by defrauding the Federal Government in the manner that they were using the $3 million dollar, CHRP grant.

60.     As a result of Plaintiff engaging in protected activity pursuant to Labor Code Section 1102.5, Defendants and each of them, engaged in retaliation as provided herein.

61.    Each of the defendants were aware that Plaintiff engaged in protected speech.

62.    There was no adequate justification for Plaintiff to suffer from the adverse actions described herein and it was clear that Plaintiff suffered from unjustified disparate treatment.

62.    Absent the protected speech of the Plaintiff, the Plaintiff would not have suffered from the adverse action taken against him, and thus the Defendants did not have a legitimate reason to take the adverse actions described herein.

63.    The above referenced acts and omissions of the individually named Defendants and each of them, were conducted in their law enforcement or official capacity.

64.    Plaintiff is informed and believes and thereby alleges that at all times mentioned herein, the named individual Defendants and DOES 1 through 10, inclusive, and each of them, were duly appointed, qualified and acting agents/employees, of the City of Inglewood, State of California, and that at all times mentioned herein, were acting within the course and scope of such capacities under the color of state law.

65.    Defendants and DOES 1 through 10, inclusive, and each of them, failed and refused to intervene or prevent or try to prevent the wrongful conduct of the other.

66.    As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered from a physical injury and illness, mental anguish, emotional stress and anxiety damages, in a sum to be determined by this Court. Plaintiff also expended medical expenses for treatment for his injuries and claims special damages in a sum to be determined by this Court.

67.    As a further proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered from loss of income, loss of future income, loss of benefits and loss of pension benefits in a sum to be determined by

COMPLAINT FOR DAMAGES

this Court. Plaintiff will also seek prejudgment interest for loss of past income.

68.   The aforementioned acts and omissions of each Defendant was done by each Defendant knowingly, intentionally, willfully, maliciously or with such callous disregard with purpose of harassment, oppression and infliction of injury upon the Plaintiff.   This was done with reckless, wanton and callousness of Plaintiff's civil rights and by reason thereof Plaintiff claims exemplary and punitive damages from Defendants and DOES 1 through 10, inclusive, except Defendant City of Inglewood in the sum determined by this Court, to deter, prevent and educate said Defendants from ever inflicting such injuries again upon any individual.

69.   By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff retained attorneys to represent him and did incur investigation costs, expenses, attorneys' fees, and legal costs.   Plaintiff requests payments by Defendants, and each of them, for compensation of fees and costs.

70.   On November 25, 2014, Plaintiff filed a claim for damages with the City of Inglewood. On January 14, 2015, Plaintiff received notice that his claim for damages was denied. A copy of the Claim for Damages and the Denial letter is attached hereto as Exhibit "A".

## FOURTH CAUSE OF ACTION
## DEFAMATION AGAINST THE INDIVIDUAL DEFENDANTS

71. Plaintiff refers to and incorporates by reference the allegations in Paragraphs 1 through 70, inclusive, as if set forth in full here.

72.   On June 9, 2014, Defendant Butts published a defamatory statement about the Plaintiff by stating to a civilian that Plaintiff had severe deficits in his performance.

73.   The statement was defamatory in that it addressed Plaintiff's performance as a Police Captain. The statement was also untrue since Plaintiff did not have severe deficits in his performance. In addition, the statement was not

privileged and it was made with malice, because Defendant Butts had personal animosity towards the Plaintiff because the Plaintiff stated that Defendant Butts had engaged in illegal conduct with regards to his handling of the CHRP grant as alleged herein.

74.   On July 15, 2014, Plaintiff was served with a performance evaluation drafted by Defendant Chief Fronterotta. As provided herein, the performance evaluation contained defamatory and untrue statements about Plaintiff's performance. The statements were not privileged since it was made with malice, because Defendant Fronerotta, had personal animosity towards the Plaintiff because Plaintiff stated that Def

75.   Defendant Fronerotta had engaged in illegal conduct with regards to his handling of the CHRP grant as alleged herein.

75.   As a proximate result of the aforementioned act of the Defendant Butts Plaintiff suffered from a physical injury and illness, mental anguish, emotional stress and anxiety damages, in a sum to be determined by this Court. Plaintiff also expended medical expenses for treatment for his injuries and claims special damages in a sum to be determined by this Court.

76.   As a further proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered from loss of income, loss of future income, loss of benefits and loss of pension benefits in a sum to be determined by this Court. Plaintiff will also seek prejudgment interest for loss of past income.

77.   The aforementioned acts and omissions of each Defendant was done by each Defendant knowingly, intentionally, willfully, maliciously or with such callous disregard with purpose of harassment, oppression and infliction of injury upon the Plaintiff.   This was done with reckless, wanton and callousness of Plaintiff's rights and by reason thereof Plaintiff claims exemplary and punitive damages from Defendants and DOES 1 through 10, inclusive, except Defendant City of Inglewood in the sum determined by this Court, to deter, prevent and

1    educate said Defendants from ever inflicting such injuries again upon any
2    individual.

3        78.    On November 25, 2014, Plaintiff filed a claim for damages with the
4    City of Inglewood. On January 14, 2015, Plaintiff received notice that his claim for
5    damages was denied. A copy of the Claim for Damages and the Denial letter is
6    attached hereto as Exhibit "A".

7                          **FIFTH CAUSE OF ACTION**
8        **VIOLATION OF GOV'T CODE §3304 AGAINST DEFENDANT**
9                           **CITY OF INGLEWOOD**

10       79.    Plaintiff refers to and incorporates by reference the allegations in
11   Paragraphs 1 through 78, inclusive, as if set forth in full here.

12       80.    On May 16, 2014, Plaintiff received a written reprimand from
13   Defendant Chief Fronterotta, regarding an incident-missed training class-which
14   occurred on or about April 1 through April 3, 2013. On April 4, 2013, Chief
15   Fronterotta was made aware that Plaintiff missed the training class.

16       81.    Pursuant to Government Code §3304, the IPD had one year to timely
17   propose punitive action including a reprimand. The statute of limitations to
18   propose discipline therefore expired on April 4, 2014.

19       82.    The IPD sought to circumvent compliance with Government Code
20   §3304, by falsely and maliciously claiming that the incident which gave rise to the
21   reprimand occurred on May 21, 2013 and not on April 1-3, 2013.

22       83.    Government Code §3309.5(d)(1) provides that in any case where the
23   superior court finds that a public safety department has violated any of the
24   provision of this chapter, the court shall render appropriate injunctive relief to
25   remedy the violation and to prevent future violations of like or similar nature.
26   Plaintiff therefore seeks injunctive relief by way of an order from the Court to have
27   the IPD remove and rescind the May 16, 2014 written reprimand, and any
28   references to the written reprimand from Plaintiff's personnel file.

-19-

84.     Government Code §3309.5 (e) provides that upon a finding by a superior court that a public safety department or its employees maliciously violated any provision of this chapter with the intent to injure the public safety officer, the public safety department shall for each and every violation by liable for a civil penalty not to exceed twenty five thousand dollars and for reasonable attorney's fees as may be determined by the Court.

85.     Plaintiff seeks an award of $25,000 pursuant to Government Code §3309.5(e) and reasonable attorney fees, because the actions of Defendant Fronterotta in giving Plaintiff a written reprimand on May 16, 2014, for missing training which occurred on April 1-3, 2013, was malicious, and was part of an overall pattern of harassment and retaliation against the Plaintiff.

86.     Plaintiff duly filed a government entity claim pertaining to Defendant's violation of Government Code §3304. On October 22, 2014, Defendant City of Inglewood, sent Plaintiff a notice of denial.  Attached hereto as Exhibit "B" is the claim form and denial letter.


**WHEREFORE**, Plaintiff prays for judgment on all causes of actions against the Defendants as follows:

1.     For general damages in an amount according to proof;

2.     For special damages in an amount according to proof;

3.     For punitive damages in an amount appropriate to punish the Individual Defendants, for their wrongful conduct. Punitive Damages are not sought against the City of Inglewood.

4.     For attorneys fees pursuant to Title 42 of the United States Code, Section 1988(b);

5.     For costs of suit herein incurred;

6.     For interest allowed by law; and

7.   For such other and further relief as the Court may deem just and proper.

Dated: March 5, 2015          **LAW OFFICES OF JOSEPH Y. AVRAHAMY**

By: _____
JOSEPH Y. AVRAHAMY,
Attorneys for Plaintiff,
MARTIN SISSAC

## **DEMAND FOR JURY TRIAL**

The Plaintiff in the above entitled action request a trial by jury pursuant to Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: March 5, 2015          **LAW OFFICES OF JOSEPH Y. AVRAHAMY**

By: _____
JOSEPH Y. AVRAHAMY,
Attorneys for Plaintiff,
MARTIN SISSAC

-21-

COMPLAINT FOR DAMAGES

# EXHIBIT "A"



# CITY OF INGLEWOOD
## Office of the City Clerk



JAN 19 2014 Inglewood

**2009**

**YVONNE HORTON**
City Clerk

January 14, 2015

Law Offices of Joseph Y. Avrahamy
16530 Ventura Blvd Ste. 208
Encino, CA 91436

**Claim of:**                              **Martin Sissac**
**Date of Loss:**                          **January 2012**

Dear Law Offices of Joseph Y. Avrahamy:

Notice is hereby given that the claim, which your client filed on November 25,2014 was denied by the **Inglewood City Council** on January 13,2015.

Subject to certain expectations, you have six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. (See Government Codes Section 945.6)

Sincerely,

Yvonne Horton
City Clerk

/TC

Cc:     Claims Adjustor





## CITY OF INGLEWOOD
# CLAIM FOR DAMAGES
[Gov't Code Title 1, Div 3.6, §§810 et seq; I.M.C. 1-30]

### IMPORTANT NOTICE

➤ Pursuant to Gov't Code section 911.2, a claim for death, injury to person or to personal property must be filed with the City of Inglewood within six (6) months of occurrence.
➤ Pursuant to Gov't Code section 911.2, a claim for damage to real property must be filed within one (1) year of occurrence.
➤ **When completing form, type or print legibly.**
➤ Failure to sign this form and fully complete this form may result in rejection of the Claim.
➤ If there is insufficient space to provide complete information, attach additional sheets and identifying the additional information by paragraph number, and signing each sheet.
➤ Claims must be filed with the City of Inglewood, City Clerk, 1 Manchester Blvd., P.O. Box 6500, Inglewood, CA 90312 (Gov't Code section 915).

### 1. CLAIMANT

(A) NAME: MARTIN J. SISSAC

(B) ADDRESS: 2301 Sarah Court

Signal Hill, CA 90755

(C) TELEPHONE NO.: (day) (818) 990-1757        (eve)

(D) DATE OF BIRTH: November 5, 1969

### 2. Mailing address you desire notices or communications to be sent regarding this Claim if different from section #1 above.

(A) NAME: Law Offices of JOSEPH Y. AVRAHAMY

(B) ADDRESS: 16530 Ventura Boulevard, Suite 208, Encino, CA 91436

### 3. DESCRIPTION OF INJURY, DAMAGE OR LOSS
Detail full extent of injuries or damages claimed

Claimant claims tachycardia, sleeplessness, depression, anxiety, loss of identity, weight loss, and isolation.

Since the retaliation, Claimant has no sense of accomplishment and relationship at home suffers due to

perceived loss of control at work.

### 4. AMOUNT OF CLAIM
Indicate the amount of damages claimed and any expenditure made relating to claimed loss. Provide documents to support the amount claimed and the expenditures (copies of bills, receipts or estimates).

Claimant claims damages for general damages for pain and suffering in the amount of $3,000,000.00, special damages for past and future medical expenses, and for loss of future earnings unknown at this time. In addition, Claimant will be claiming attorneys fees.

Has an insurance company paid any such bills: Yes

If so, detail name of insurer and amount(s) paid: Aetna Health of California, Inc. - Health Care Partners HMO
Amount unknown at this time.

Page 1 of 2

**CLAIM FOR DAMAGES**

5. CIRCUMSTANCE OF THE OCCURRENCE WHICH GIVE RISE TO THIS CLAIM

(A)   DATE DAMAGE, INJURY OR TRANSACTION OCCURRED: January 2012 to Present   TIME: _____

(B)   SPECIFIC LOCATION: City of Ingelwood Police Department, 1 Manchester Blvd., Inglewood, CA 90301

(C)   SPECIFICALLY DESCRIBE HOW THE INJURY OR DAMAGE OCCURRED:

See attachment "A".

(D)   IDENTIFY THE ENTITY, PUBLIC EMPLOYEE OR EMPLOYEES WHOSE ACTS, OMISSIONS OR BREACH CLAIMED TO HAVE CAUSED THE INJURY OR DAMAGE:
Mayor James T. Butts and Chief Police Mark Fronterrota

(E)   IF A CITY VEHICLE WAS INVOLVED, GIVE MAKE, MODEL AND LICENSE PLATE NUMBER OF VEHICLE

PUBLIC EMPLOYEE(S): N/A

VEHICLE MAKE: _____   MODEL: _____   LICENSE: _____

WITNESSES: (NAMES AND ADDRESSES OF ALL KNOWN WITNESSES, DOCTORS AND/OR HOSPITALS)
See attachment "B".

6. IF THIS CLAIM IS BASED ON AN ALLEGED BREACH OF CONTRACT:
Please attach a copy of the contract and:

(A)   IDENTIFY THE PARTIES TO THE CONTRACT: N/A

(B)   DATE OF CONTRACT: _____

(C)   DATE OF ALLEGED BREACH OF CONTRACT: _____

WARNING:  IT IS A CRIMINAL OFFENSE TO FILE A FALSE CLAIM (Penal Code Section 72)
I have read the matters and statements made in the above claim and I know the same to be true of my own knowledge, except as to those matters stated upon information or belief and as to such matters I believe the same to be true.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

Martin J. Sissac

_____          11-24-2014
(Signature of Claimant)                          (Date)

Revised 2006

Page 2 of 2

CLAIM FOR DAMAGES

City of Inglewood  - Claim for Damages
Martin J. Sissac
Paragraph 5 (c)

## ATTACHMENT "A"

For Whistleblower retaliation in violation of Labor Code Section 1102.5 and for Defamation against Mayor James T. Butts.

City of Inglewood, Mayor James T. Butts, and Chief Mark Fronterotta, violated California Labor Code §1102.5 by retaliating against Claimant Captain Martin J. Sissac, ("Claimant") after he disclosed information to government and/or law enforcement agency, that the Inglewood Police Department was in violation of Federal Law, by violating the rules of the COPS Hiring Recovery Program grant, (CHRP) which was issued by the United States Department of Justice to fund local police agencies who seek to hire or retain police officers.

Claimant engaged in protected activity in October of 2011, when he reported to City Counsel, Cal Saunders, that the City of Inglewood was violating CHRP rules and regulations so that it can obtain funds from a $3 million federal grant.

After, Claimant reported the illegal activities, Claimant was subjected to adverse employment actions which included the following:  stripping Claimants of his duties and responsibilities, undermining his authority as a captain, subjecting the Claimant to unjustified investigations, subjecting the Claimant to unjustified discipline, unjustifiably subjecting the Claimant to a threat assessment by a psychologist, denying Claimant's repeated requests to transfer to the position of Captain in charge of the Patrol Division despite his seniority, unjustifiable ratings in performance evaluations, denial of training opportunities, isolating the Captain from sworn officers that should be part of his chain of command, public ridicule and humiliation, and other related actions.

These actions took place in the period starting January of 2012 and continue to the present.

In addition on June 9, 2014, Mayor James. T. Butts, defamed the Claimant when he spoke to a civilian and stated that the Claimant had severe deficits in his performance.  This statement was not privileged and was made with malice.

Claimant seeks, lost wages, damages for emotional distress, mental anguish and physical injuries, punitive damages against Major James T. Butts and Chief of Police Mark Fronterrota.

City of Inglewood - Claim for Damages
Martin J. Sissac
Paragraph 5 – Witnesses

**ATTACHMENT "B"**

Doctors:

Advances and Breakthroughs in Mental Health
5199 E. Pacific Coast Hwy., Suite 330N
Long Beach, CA 90804
Phone: 562.365.2020; Fax: 562.239.2020
E-mail: info@aabmh.com
Dr. Benjamin Stepanoff
Mr. Roy Elavazo, NP
Ms. Melissa Paramo, MFT

Witnesses:

Mrs. Alicia M. Sissac
2301 Sarah Court
Signal Hill, CA 90755

Mr. Wayne Miles
Lieutenant Mark Fried
Lieutenant Neal Cochoran
Lieutenant Scott Collins
Mr. Michael Falkow
Mr. Jose Cortes
Detective Sherri Rumseuy
Mr. Cal Saunders
Ms. Judy Dunlap
Mr. Artie Fields – all located at:    1 Manchester Boulevard
                                        Inglewood, CA 90301

Mr. Joe Dominguez
Dr. Donn Brann – both located at:  401 S. Inglewood Ave.
                                        Inglewood, CA 90301

Chief Jacqueline Seabrooks
333 Olympic Drive
Santa Monica, CA 90401

Mr. Kevin Harris
unknown address

Ms. Ethel Austin
unknown address

# EXHIBIT "B"



# CITY OF INGLEWOOD
### Office of the City Clerk



Inglewood
All-America City
2009

**YVONNE HORTON**
City Clerk

October 22, 2014

Howard Liberman, Esq., Silver, Hadden, Silver & Levine
1428 Second Street., #200, P.O Box 2161
Santa Monica, CA 90407-2161

**Claim of:**                               **Martin Sissac**
**Date of Loss:**                           **May 16, 2014**

Dear Howard Liberman Esq:

Notice is hereby given that the claim, which your client filed on August 21, 2014 was denied by the **Inglewood City Council** on October 21, 2014.

Subject to certain expectations, you have six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. (See Government Codes Section 945.6)

Sincerely,

Yvonne Horton
City Clerk

/TC

Cc:    Claims Adjustor





**Inglewood**

**2009**

## CITY OF INGLEWOOD
# CLAIM FOR DAMAGES
[Gov't Code Title 1, Div 3.6, §§810 et seq; I.M.C. 1-30]

### IMPORTANT NOTICE

➤ Pursuant to Gov't Code section 911.2, a claim for death, injury to person or to personal property must be filed with the City of Inglewood within six (6) months of occurrence.
➤ Pursuant to Gov't Code section 911.2, a claim for damage to real property must be filed within one (1) year of occurrence.
➤ **When completing form, type or print legibly.**
➤ Failure to sign this form and fully complete this form may result in rejection of the Claim.
➤ If there is insufficient space to provide complete information, attach additional sheets and identifying the additional information by paragraph number, and signing each sheet.
➤ Claims must be filed with the City of Inglewood, City Clerk, 1 Manchester Blvd., P.O. Box 6500, Inglewood, CA 90312 *(Gov't Code section 915).*

### 1. CLAIMANT

(A)  NAME:  Martin Sissac

(B)  ADDRESS:  c/o Howard Libérman, Esq., Silver, Hadden, Silver & Levine

1428 Second St., #200, PO Box 2161, Santa Monica, CA  90407-2161

(C)  TELEPHONE NO.: (day)  (310) 393-1486                    (eve)

(D)  DATE OF BIRTH:  N/A

### 2. Mailing address you desire notices or communications to be sent regarding this Claim if different from section #1 above.

(A)  NAME:  Same as above

(B)  ADDRESS:

### 3. DESCRIPTION OF INJURY, DAMAGE OR LOSS
Detail full extent of injuries or damages claimed

See Attachment

### 4. AMOUNT OF CLAIM

Indicate the amount of damages claimed and any expenditure made relating to claimed loss.  Provide documents to support the amount claimed and the expenditures (copies of bills, receipts or estimates).

In excess of $25,000.00

Has an insurance company paid any such bills:  No

If so, detail name of insurer and amount(s) paid:  Not applicable.

**CLAIM FOR DAMAGES**                                                        Page 1 of 2

5. CIRCUMSTANCE OF THE OCCURRENCE WHICH GIVE RISE TO THIS CLAIM

(A)   DATE DAMAGE, INJURY OR TRANSACTION OCCURRED:   May 16, 2014          TIME: _____

(B)   SPECIFIC LOCATION:   Inglewood  Police Department, One Manchester Blvd.,
_____ Inglewood, CA 90301 _____

(C)   SPECIFICALLY DESCRIBE HOW THE INJURY OR DAMAGE OCCURRED:
_____ See attachment _____
_____
_____
_____
_____

(D)   IDENTIFY THE ENTITY, PUBLIC EMPLOYEE OR EMPLOYEES WHOSE ACTS, OMISSIONS OR BREACH CLAIMED TO HAVE
CAUSED THE INJURY OR DAMAGE:   Police Chief Mark Fronterotta
_____

(E)   IF A CITY VEHICLE WAS INVOLVED, GIVE MAKE, MODEL AND LICENSE PLATE NUMBER OF VEHICLE
PUBLIC EMPLOYEE(S):   N/A _____
VEHICLE MAKE:   N/A _____   MODEL: ___ N/A ___   LICENSE: ___ N/A ___

WITNESSES: (NAMES AND ADDRESSES OF ALL KNOWN WITNESSES, DOCTORS AND/OR HOSPITALS)
 Mark Fronterrota , James  Madia,James Kirk,
 Inglewood Police Department, One Manchester Blvd., Inglewood, CA  90301

6. IF THIS CLAIM IS BASED ON AN ALLEGED BREACH OF CONTRACT:
Please attach a copy of the contract and:

(A)   IDENTIFY THE PARTIES TO THE CONTRACT: ___ N/A _____
_____

(B)   DATE OF CONTRACT:   N/A _____
(C)   DATE OF ALLEGED BREACH OF CONTRACT: _ N/A _____

WARNING:  IT IS A CRIMINAL OFFENSE TO FILE A FALSE CLAIM (Penal Code Section 72)
I have read the matters and statements made in the above claim and I know the same to be true of my own
knowledge, except as to those matters stated upon information or belief and as to such matters I believe the
same to be true.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE
FOREGOING IS TRUE AND CORRECT.

_____        _____
(Signature of Claimant)                              (Date)

Revised 2006

**CITY OF INGLEWOOD**
**CLAIM FOR DAMAGES**
**Claimant: Martin Sissac**
**D/I: May 16, 2014**

**3.      Description of Injury, Damage or Loss**.

On May 16, 2014, claimant received a written reprimand from Chief of
Police Mark Fronterotta regarding an incident (missed training class) which
occurred on or about April 1 through April 3, 2013.  On April 4, 2013 Chief
Fronterotta was made aware that Claimant missed the training class.  Pursuant to
Government Code Section 3304, the Inglewood Police Department had one year to
timely propose punitive action (including reprimand).  The statute of limitations to
propose discipline expired on April 4, 2014. The Department falsely and
maliciously claimed that notice of the incident giving rise to the reprimand
occurred on May 21, 2013 in order to circumvent compliance with Government
Code Section 3304.  Claimant is entitled to damages pursuant to California
Government Code Section 3309.5.

**5c      Specifically Describe How the Injury or Damage Occurred**.

On May 16, 2014, claimant received a written reprimand from Chief of
Police Mark Fronterotta regarding an incident (missed training class) which
occurred on or about April 1 through April 3, 2013.  On April 4, 2013 Chief
Fronterotta was made aware that Claimant missed the training class.  Pursuant to
Government Code Section 3304, the Inglewood Police Department had one year to
timely propose punitive action (including reprimand).  The statute of limitations to
propose discipline expired on April 4, 2014. The Department falsely and
maliciously claimed that notice of the incident giving rise to the reprimand
occurred on May 21, 2013 in order to circumvent compliance with Government
Code Section 3304.  Claimant is entitled to damages pursuant to California
Government Code Section 3309.5.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

MARTIN SISSAC

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

CITY OF INGLEWOOD; MAJOR JAMES T. BUTTS; CHIEF OF POLICE MARK FRONTERROTA AND DOES 1 THROUGH 10, INCLUSIVE

**(b) County of Residence of First Listed Plaintiff** LOS ANGELES
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** LOS ANGELES
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Joseph Y. Avrahamy, Esq. (SBN: 150885) - (818) 990-1757
LAW OFFICES OF JOSEPH Y. AVRAHAMY
16530 Ventura Blvd., Suite 208, Encino, CA 91436

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Viol. of 1st and 14th Amendment of U.S.Constitution against Individual Defendants & City of Inglewood under Monell; Violation of L.C. Section 1102.5; Defamation , etc

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/Etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Org.
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Info. Act
☐ 896 Arbitration
☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
☐ 153 Recovery of Overpayment of Vet. Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☒ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 445 American with Disabilities-Employment
☐ 446 American with Disabilities-Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405 (g))
☐ 864 SSID Title XVI
☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV15-1741

CV-71 (10/14) CIVIL COVER SHEET Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes   ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | | |
|---|---|---|
| ☐ Yes   ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | | |
|---|---|---|
| ☐ Yes   ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1.  Is there at least one answer in Column A? | D.2.  Is there at least one answer in Column B? |
|---|---|
| ☐ Yes   ☐ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br><br>Enter "Southern" in response to Question E, below, and continue from there.<br><br>If "no," go to question D2 to the right. ➡ | ☐ Yes   ☐ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br><br>Enter "Eastern" in response to Question E, below.<br><br>If "no," your case will be assigned to the WESTERN DIVISION.<br><br>Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN ▾ |

**QUESTION F: Northern Counties?**

| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes   ☒ No |
|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?      ☒ NO      ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?
☒ NO      ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐  A. Arise from the same or a closely related transaction, happening, or event;

☐  B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐  C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐  A. Arise from the same or a closely related transaction, happening, or event;

☐  B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐  C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

---

**X.  SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**  _____        DATE:   03/05/2015

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |