1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARTIN SISSAC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF INGLEWOOD; MAYOR JAMES T. BUTTS; CHIEF OF POLICE MARK FRONTEROTTA AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>　　　　Defendants. | Case No.: CV 15-01741-JAK (FFMx)<br><br>**PROTECTIVE ORDER** |

　　　　TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: After consideration of the written stipulation of counsel, the Court hereby makes the following order:

　　　　1.　　That the information contained in the documents or items produced or to be produced by the Defendants CITY OF INGLEWOOD, JAMES T. BUTTS and MARK FRONTEROTTA (hereinafter "Defendants") in response to Plaintiff's Request for Production of Documents may contain statements, documents and information that are the basis of certain ongoing employment claims and matters as well as personal and confidential information as to the Defendants, and others employed at the CITY OF INGLEWOOD and that this Protective Order protects

such confidential and personal information contained in the investigative files and employee files of the Defendants, and others.

2. All documents and/or information, including information derived therefrom, (collectively, "Confidential Information") produced by any party or third party pursuant to any discovery request, subpoena, Court Order, or other provision of the Federal Rules of Civil Procedure in the above-captioned litigation regarding personnel or other employment related files of employees of the City of Inglewood, including but not limited to those of Defendants JAMES T. BUTTS and MARK FRONTEROTTA , as well as any investigative reports, transcripts and other writings and recordings regarding any investigation of the events and circumstances regarding any and all employment actions taken against Plaintiff, will be covered by this Protective Order.

3. All Confidential Information produced shall be marked CONFIDENTIAL. If the first page of any multi-page document bears this legend, then the entire document is deemed confidential, unless otherwise indicated by the producing party. The stamping of the legend "CONFIDENTIAL" is for identification purposes only, and in the event that a document produced is inadvertently not stamped with the legend "CONFIDENTIAL," such document is still subject to the provisions of this Protective Order.

4. Files, documents, writings and things to be designated as such, include the following:

a) Any CITY OF INGLEWOOD investigation documents including but not limited to, tape recorded interviews, statements of officers, complainants, and other witnesses, supporting documentation, listings and transcripts and photographs; and

b) Any personnel file(s), background hiring materials or complaints and complaint investigations of any former or current CITY OF INGLEWOOD

employee, including, but not limited to performance evaluations, commendations, training records, prior personnel complaints, disciplinary information, compensation information, and information regarding an employee's off duty time, vacation time, sick days, time off, etc.

5. **<u>Challenging Designation of Confidential Information</u>**. At any time after receipt of documents labeled as Confidential Information, the Receiving Parties may provide the disclosing Parties with a written objection in the form of a letter brief referencing this Protective Order, objecting to the classification of specific documents as prohibited from disclosure under this Protective Order and the basis for the Receiving Parties' objection. Upon receipt of such a letter brief written objection, the disclosing Parties shall provide a written response in letter brief format to the Receiving Parties within seven (7) business days. If the Disclosing Parties do not agree with the position of the Receiving Parties, the Receiving Parties shall have the option of proceeding with a discovery motion contesting the Confidential Information nature of the disputed documents. The foregoing written objection process by letter brief shall not relieve the parties of the duty to comply with the meet and confer requirements of the Federal Rules of Civil Procedure, including any local district court rules, prior to the filing of any such motion challenging the Confidential Information designation of any such documentation.

6. Testimony taken at any deposition, conference (that is not open to the public), or hearing (that is not open to the public) may be designated as Confidential Information by making a statement to that effect on the record at the deposition or proceeding. Arrangements shall be made by the taking party with the Court Reporter transcribing such proceedings to separately bind such portions of the transcript containing information designated as Confidential Information, and

to label such portions accordingly. Any request to seal Confidential Information that becomes part of the record shall be made pursuant to court motion.

8. All Confidential Information produced in accordance with the Order shall not be used other than the instant case in any deposition, legal proceeding for media use/dissemination, or in any other forum, nor shall the Confidential Information be disseminated in any form, to any person, except by court order, or until such time as the "Confidential" designation is removed by agreement of counsel for the parties or by further order of this Court.

9. Confidential Information shall be viewed only by: (1) the Court and its staff; (2) counsel of record for the receiving party, (3) the parties to the action, including designated representatives of Defendants, (4) witnesses other than the parties may review any statement made by that witness, reports containing, referencing or repeating that witness' statements, and evidentiary and other items referenced in their statements or reports of their statements, so long as that witness has agreed in writing in advance of any disclosure of Confidential Information to be bound by this Protection Order, (5) independent experts and consultants retained by parties, and (6) any associates, assistants, and secretarial personnel of such experts, consultants and other persons designated by agreement of counsel for the parties, and so long as they have agreed in writing in advance of any disclosure of Confidential Information to be bound by this Protective Order. In the event an individual does not consent to be bound by this Protective Order, no disclosure of Confidential Information will be made to such individual. The Court and its staff may review all matters, which pertain to the discussion of the Confidential Information, including law and motion matters, consistent with this confidentiality agreement in respect to the Confidential Information. This Order only applies to discovery matters. Any protection for Confidential Information that is used at trial must be obtained from the judicial officer conducting the trial.

10. Confidential Information produced in connection with this Order shall not be disclosed, disseminated, or in any manner provided to the media or any member of the public, unless the Court has ruled that the Confidential Information may be divulged to the media and the public.

11. Any protection for Confidential Information that is used or referred to during the course of any court proceeding in this action must be obtained from the judicial officer conducting the proceeding.

12. Those individuals authorized to review the Confidential Information in connection with this litigation are expressly prohibited from duplicating, copying or otherwise distributing, disseminating, or orally disclosing any of the disclosed Confidential Information for any purpose to any person or entity not permitted access herein.

13. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of Confidential Information.

14. In the event that the terms of this Protective Order are violated, the parties agree that the aggrieved party may immediately apply to this Court to obtain injunctive relief and sanctions against any person violating any of the terms of this Protective Order. This Court shall retain jurisdiction over the parties for the purpose of enforcing this Protective Order, and the Court shall have the power to modify this Protective Order at any time and to impose whatever penalties it deems appropriate for the violation of this Protective Order. Any such request for injunctive relief and/or monetary sanctions must be made by a properly noticed motion and pursuant to statute.

15. This Protective Order, and the obligations of all persons thereunder, including those relating to the disclosure and use of Confidential Information, shall survive the final termination of this case, whether such termination is by

settlement, judgment, dismissal, appeal or otherwise, until further order of the court.

16. The parties will preserve all such Confidential Information and copies thereof, and will return them to the producing party when this litigation is concluded, unless another method is expressly agreed to in writing.

17. The Parties and all signatories to the Stipulation submitted herewith, agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may approve or issue such a different Order.

18. A party's agreement to this Protective Order shall not be an admission that Confidential Information must be produced in response to discovery, and the parties agree that this Protective Order pertains to the confidential information related to discovery, and not trial.

It is the Parties' intent to be bound by the terms of this Protective Order pending its entry so as to allow for immediate production of Confidential Information under the terms herein.

**IT IS SO ORDERED.**

Dated: February 11, 2016                    /S/ Frederick F. Mumm
                                         FREDERICK F. MUMM
                                         United States Magistrate Judge