1  GREGORY M. BERGMAN, ESQ. (SBN 065196)
   MICHELE M. GOLDSMITH, ESQ. (SBN 178222)
2  JASON J. BARBATO (SBN 301642)
   BERGMAN DACEY GOLDSMITH
3  10880 Wilshire Blvd. Suite 900
   Los Angeles, California 90024-4101
4  Telephone: 310.470.6110
   Facsimile: 310.474.0931
5
   Attorneys for Defendants, CITY OF INGLEWOOD
6  MAYOR JAMES BUTTS; CHIEF OF POLICE MARK FRONTEROTTA

7

8                 **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

10

11  MARTIN SISSAC                         Case No. 2:15-cv-01741-JAK-FFM

12                       Plaintiffs,      **DEFENDANTS' SEPARATE STATEMENT OF**
13  v.                                    **UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN**
14  CITY OF INGLEWOOD; MAYOR              **SUPPORT OF MOTION FOR**
    JAMES BUTTS; CHIEF OF                 **SUMMARY JUDGMENT OR, IN THE**
15  POLICE MARK FRONTEROTTA               **ALTERNATIVE, FOR PARTIAL**
    AND DOES 1 THROUGH 10,                **SUMMARY JUDGMENT**
16  INCLUSIVE,
                                          Date:   September 26, 2016 [Reserved]
17                       Defendants.      Time:   8:30 a.m.
                                          Ctrm:   750
18
19                                        [Filed Separately but concurrently herewith:
                                             1.  Motion for Summary Judgment;
20                                           2.  Declaration of Michele Goldsmith;
                                             3.  Declaration of Cal Saunders;
21                                           4.  Declaration of Micah Herd; and
                                             5.  Declaration of Kevin Harris]
22
23                                        Trial:  December 6, 2016

   TO THE COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD HEREIN:
24
25          Defendants City of Inglewood, James Butts, and Mark Fronterotta
26  ("Defendants"), for themselves alone, will and hereby do submit the following
27  Separate Statement of Undisputed Material Facts in Support of their Motion for
28  Summary Judgment or, in the Alternative, for Partial Summary Judgment against
    Plaintiff Martin Sissac ("Plaintiff"), pursuant to Fed. R. Civ. Proc. 56 and Local Rule

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

56-1.

**ADJUDICATION OF ISSUE NO. 1**:

Plaintiff's First Cause of Action for Violation of First Amendment and Fourteenth Amendment of United States Constitution (42 U.S.C. §§ 1983 and 1988) against the Individually Named Defendants in Their Official and Individual Capacity must be adjudicated in favor of Defendants, and each of them, because the undisputed facts establish as a matter of law that **Plaintiff spoke as a public employee, and not as a private citizen**. Separate Statement of Undisputed Materials Facts, Nos. 1-22, and 104.

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. Mr. Sissac was a police officer for the Inglewood Police Department ("IPD") beginning on October 18, 1993. | Dkt. 47-2, Declaration of Michele M. Goldsmith ("Goldsmith Decl."), ¶ 3, Exh. A, Deposition of Martin Sissac, Vol. 1 ("Sissac 1 Depo.") at 12:1. |
| 2. Mr. Sissac was promoted to captain in 2008. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 12:23-24. |
| 3. As a captain in 2011, Mr. Sissac was assigned to the Office of Administrative Services, and grants were one of his responsibilities. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 34:8-11, 38:5-13. |
| 4. In early 2009, the United States Department of Justice (DOJ) made a grant available for qualified local police departments, which was called COPS Hiring Recovery Program (CHRP). | Dkt. 33, ¶ 15. |

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110. Facsimile: (310) 474-0931

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 5.  Mr. Sissac admits that one of his job responsibilities in 2011 was a familiarity with the CHRP grant, including making recommendations. | Dkt. 33, ¶ 15. |
| 6.  Mr. Sissac attended a July 2011 meeting with Mayor Butts, Artie Fields, and then-Chief Jacqueline Seabrooks, wherein the CHRP grant was discussed. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 70:6-7. |
| 7.  At the July 2011 meeting, Mr. Sissac admits that he was simply giving advice at the meeting about the CHRP grant. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 70:6-7. |
| 8.  Mr. Sissac admits that at the July 2011 meeting, he did not raise a concern that what the City was contemplating doing regarding CHRP was improper or illegal. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 115:6-11. |
| 9.  After this July 2011 meeting, Mr. Sissac never had any other interactions with Mayor Butts regarding "supplanting" and CHRP. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 69:13-16, 191:15-192:1. |
| 10. "Supplanting" is the improper use of federal funds (here the CHRP grant funds) in place or in lieu of available general funds. | Dkt. 47-2, Goldsmith Decl., ¶ 7, Exh. E, Deposition of Michael Falkow ("Falkow Depo.") at 197:10-18. |

SEPARATE STATEMENT RE MSJ

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd, Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 11. In the November 17, 2015 Order regarding Defendants' Motion to Dismiss, this Court concluded that Plaintiff's speech with the then-City Attorney Cal Saunders could qualify as speech outside of the chain of command. | Dkt 31, pp. 6-7. |
| 12. Mr. Sissac spoke to Cal Saunders, the City Attorney at the time, regarding the CHRP grant and his concerns that the City was "supplanting." | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 150:2-6. |
| 13. Mr. Sissac spoke to Cal Saunders at the suggestion of Michael Falkow. | Dkt. 47-2, Goldsmith Decl., ¶ 7, Exh. E, Falkow Depo. at 22:17-25. |
| 14. Captains of the IPD, like Mr. Sissac, regularly spoke with the City Attorney as part of their duties as a Captain and Command Staff officers. | Dkt. 47-3, Declaration of Cal Saunders ("Saunders Decl."), ¶ 6. |
| 15. City Attorney Saunders would provide his thoughts and legal opinions to Captains and other IPD management personnel. | Dkt. 47-3, Saunders Decl., ¶ 6. |
| 16. Mr. Sissac told City Attorney Saunders that he was concerned about the use of the CHRP grant funds. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 151:1-18; Dkt. 47-3, Saunders Decl., ¶ 11. |

SEPARATE STATEMENT RE MSJ

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110. Facsimile: (310) 474-0931

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
| --- | --- |
| 17. City Attorney Cal Saunders told Mr. Sissac that he would look into Mr. Sissac concerns and advise. | Dkt. 47-3, Saunders Decl., ¶ 11. |
| 18. Mr. Sissac admitted that City Attorney Saunders told him that he would look into it. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 156:6-8. |
| 19. City Attorney Saunders did look into Mr. Sissac's concerns and concluded that the City could modify the existing CHRP grant, and under certain circumstances, could request DOJ to modify the grant and retain police officers. | Dkt. 47-3, Saunders Decl., ¶ 11. |
| 20. Mr. Sissac admitted that he did his job by bringing the issue to someone's attention—namely, City Attorney Saunders. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 152:13-153:5. |
| 21. Mr. Sissac did not discuss with City Attorney Saunders any broad concerns about corruption or systemic abuse. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 193:25-194:4; Dkt. 47-3, Saunders Decl., ¶ 13. |
| 22. Mr. Sissac was never ordered by Chief Seabrooks, Mr. Fronterotta, or any member of the City Council to not speak to the City Attorney about his concern regarding the CHRP grant. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 194:5-14; Dkt. 47-3, Saunders Decl., ¶ 13. |

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

**ADJUDICATION OF ISSUE NO. 2**:

Plaintiff's First Cause of Action for Violation of First Amendment and Fourteenth Amendment of United States Constitution (42 U.S.C. §§ 1983 and 1988) against the Individually Named Defendants in Their Official and Individual Capacity must be adjudicated in favor of Defendants, and each of them, because the undisputed facts establish as a matter of law that **even if Plaintiff spoke as a private citizen, the speech was not a substantial or motivating factor in the adverse employment action**.  Separate Statement of Undisputed Materials Facts, Nos. 23-35.

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 23. Mr. Sissac does not know if City Attorney Saunders spoke to Mayor Butts. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 192:17-23. |
| 24. City Attorney Saunders generally did not share the identity of the persons who share their legal concerns with him. | Dkt. 47-3, Saunders Decl., ¶ 6. |
| 25. Mr. Sissac never authorized City Attorney Saunders to share his concerns with anyone. | Dkt. 47-3, Saunders Decl., ¶ 12. |
| 26. City Attorney Saunders did not speak with Mayor Butts regarding Mr. Sissac's concern regarding the modification of the CHRP grant. | Dkt. 47-3, Saunders Decl., ¶ 12. |
| 27. Mayor Butts was never notified (by anyone) that Mr. Sissac met with City Attorney Saunders, wherein Mr. Sissac conveyed his belief that the manner that the CHRP grant was | Dkt. 47-2, Goldsmith Decl., ¶ 5, Exh. C, Deposition of James T. Butts ("Butts Depo.") at 65:11-15. |

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| being modified or used was unlawful. | |
| 28. City Attorney Saunders did not speak to then Captain (now Chief) Fronterotta regarding Mr. Sissac's concern regarding the modification of the CHRP grant. | Dkt. 47-3, Saunders Decl., ¶ 12. |
| 29. Mr. Sissac did not tell the City Council of his "supplanting" concerns regarding the CHRP grant. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 158:6-9; see also Dkt. 47-2, Goldsmith Decl., ¶ 7, Exh. E, Falkow Depo. at 58:13-16. |
| 30. Mayor Butts never found out that Mr. Sissac maintained that the manner that the City was modifying the CHRP grant to secure the $3 million funds was done unlawfully. | Dkt. 47-2, Goldsmith Decl., ¶ 5, Exh. C, Butts Depo., 61:1-5. |
| 31. Then Captain (now Chief) Fronterotta never learned in the Summer of 2011 that Mr. Sissac expressed an opinion that the manner in which the City's CHRP grant was being modified was illegal. | Dkt. 47-2, Goldsmith Decl., ¶ 6, Exh. D, Deposition of Mark Fronterotta ("Fronterotta Depo.") at 28:8-14; 40:13-16. |
| 32. On or about October 8, 2015, Plaintiff's termination became final. | Dkt. 33, ¶ 37. |
| 33. Mayor Butts was never advised by Chief Fronterotta that the Chief would be recommending termination | Dkt. 47-2, Goldsmith Decl., ¶ 5, Exh. C, Butts Depo., 89:8-13; Dkt. 47-2, Goldsmith Decl., ¶ 6, Exh. D, |

SEPARATE STATEMENT RE MSJ

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| of Mr. Sissac. | Fronterotta Depo. at 243:7-23. |
| 34. Mr. Falkow did not tell Mayor Butts that Mr. Sissac was claiming that he was being retaliated against because of his concern regarding the CHRP grant. | Dkt. 47-2, Goldsmith Decl., ¶ 7, Exh. E, Falkow Depo. at 192:24-193:2. |
| 35. Mr. Falkow did not tell Chief Fronterotta that Mr. Sissac was claiming that he was being retaliated against because of his concern regarding the CHRP grant funding. | Dkt. 47-2, Goldsmith Decl., ¶ 7, Exh. E, Falkow Depo. at 195:4-7. |

**ADJUDICATION OF ISSUE NO. 3**:

Plaintiff's First Cause of Action for Violation of First Amendment and Fourteenth Amendment of United States Constitution (42 U.S.C. §§ 1983 and 1988) against the Individually Named Defendants in Their Official and Individual Capacity must be adjudicated in favor of Defendants, and each of them, because the undisputed facts establish as a matter of law that **James Butts and Mark Fronterotta are entitled to qualified immunity**. Separate Statement of Undisputed Materials Facts, No. 36.

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 36. For ease of reference, and to minimize repetition and the length of this separate statement, Defendants incorporate by reference Undisputed Materials Facts, Nos. 1-35 as fully stated herein. | See Above.  Undisputed Materials Facts, Nos. 1-35 facts speak to this issue. |

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110. Facsimile: (310) 474-0931

**ADJUDICATION OF ISSUE NO. 4**:

Plaintiff's Second Cause of Action for *Monell* Liability for Violation of the First Amendment and Fourteenth Amendment against the City of Inglewood must be adjudicated in favor of Defendants, and each of them, because the undisputed facts establish as a matter of law that **no unconstitutional tort occurred**.  Separate Statement of Undisputed Materials Facts, No. 37.

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 37. For ease of reference, and to minimize repetition and the length of this separate statement, Defendants incorporate by reference Undisputed Materials Facts, Nos. 1-35 as fully stated herein. | See Above.  Undisputed Materials Facts, Nos. 1-35 facts speak to this issue. |

**ADJUDICATION OF ISSUE NO. 5**:

Plaintiff's Second Cause of Action for *Monell* Liability for Violation of the First Amendment and Fourteenth Amendment against the City of Inglewood must be adjudicated in favor of Defendants, and each of them, because the undisputed facts establish as a matter of law that **the City of Inglewood did not have a policy, custom, or practice of retaliation**.  Separate Statement of Undisputed Materials Facts, Nos. 38-40.

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 38. Mr. Sissac alleges that the City has a policy to retaliate against its employees who engage in protected free speech. | Dkt. 33, ¶ 60. |
| 39. Mr. Sissac is not aware of any written document or policy that is maintained by either Mayor Butts or Chief | Dkt. 47-2, Goldsmith Decl., ¶ 4, Exh. B, Deposition of Martin Sissac, Vol. 2 ("Sissac 2 Depo.") at 398:20-399:21; |

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| Fronterotta that either uses to retaliate against persons for exercising First Amendment rights. | 403:5-15. |
| 40. In fact, the City forbids any type of retaliation. | Dkt. 47-2, Goldsmith Decl., ¶ 6, Exh. D, Fronterotta Depo. at 101:19-25. |

**ADJUDICATION OF ISSUE NO. 6**:

      Plaintiff's Second Cause of Action for *Monell* Liability for Violation of the First Amendment and Fourteenth Amendment against the City of Inglewood must be adjudicated in favor of Defendants, and each of them, because the undisputed facts establish as a matter of law that **even if an unconstitutional tort occurred, there is no causal link between the challenged municipal conduct—termination—and the constitutional deprivation**.  Separate Statement of Undisputed Materials Facts, Nos. 41.

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 41. For ease of reference, and to minimize repetition and the length of this separate statement, Defendants incorporate by reference Undisputed Materials Facts, Nos. 22-35 as fully stated herein. | See Above.  Undisputed Materials Facts, Nos. 22-35 facts speak to this issue. |

**ADJUDICATION OF ISSUE NO. 7**:

      Plaintiff's Third Cause of Action for Whistleblower Retaliation in Violation of Labor Code Section 1102.5 Against All Defendants must be adjudicated in favor of Defendants, and each of them, because the undisputed facts establish as a matter of law that **Plaintiff did not engage in protected activity because his belief was patently unreasonable as a matter of law**.  Separate Statement of Undisputed Materials Facts, Nos. 42-110.

**BERGMAN DACEY GOLDSMITH**
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 42. CHRP was a competitive grant program that provided funding directly to law enforcement agencies, to be used to create and/or preserve jobs. | Dkt. 33, ¶ 15. |
| 43. On July 31, 2009, the IPD was awarded $3 million dollars from CHRP to hire ten police officers. | Dkt. 33, ¶ 16; Dkt. 47-5, Declaration of Micah Herd ("Herd Decl."), ¶ 4, Exh. K. |
| 44. The CHRP grant was a reimbursement program. | Dkt. 47-5, Herd Decl., ¶ 5. |
| 45. The CHRP grant was only a partial reimbursement of the total costs for the hiring of officers; it required a 25% match by the City to accept the grant. | Dkt. 47-5, Herd Decl., ¶ 5; Dkt. 47-2, Goldsmith Decl., ¶ 5, Exh. C, Butts Depo. at 23:20-25. |
| 46. The CHRP grant could be modified from its intended purpose by an approved request from the DOJ. | Dkt. 47-5, Herd Decl., ¶ 5. |
| 47. A manual was provided regarding applying for, maintaining and modifying the CHRP grant. | Dkt. 47-5, Herd Decl., ¶ 5. |
| 48. From 2009 to July 2011 the City did not take advance of the CHRP grant. | Dkt. 47-5, Herd Decl., ¶ 5. |
| 49. From 2009 to July 2011 the City did not take advantage of the CHRP grant because of the drain on City general fund resources. | Dkt. 47-5, Herd Decl., ¶ 5; Dkt. 47-2, Goldsmith Decl., ¶ 8, Exh. F, Fields Depo. at 23:8-18. |

**BERGMAN DACEY GOLDSMITH**
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

SEPARATE STATEMENT RE MSJ

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | |
| 50. The City's payroll of salaries, generally, comes from general fund monies. | Dkt. 47-2, Goldsmith Decl., ¶ 8, Exh. F, Fields Depo. at 22:13-22. |
| 51. From 2009 to the present, the City has operated in a financial deficit. | Dkt. 47-3, Saunders Decl., ¶¶ 7-10, Exhs. H, I, and J; Dkt. 47-5, Herd Decl., ¶ 10, Exh N; Dkt. 47-2, Goldsmith Decl., ¶ 5, Exh. C, Butts Depo., 24:15-26:9. |
| 52. In 2010, the City declared a state of fiscal emergency. | Dkt. 47-3, Saunders Decl., ¶¶ 7-10, Exhs. H, I, and J; Dkt. 47-5, Herd Decl., ¶ 10, Exh N. |
| 53. In October 2010, the City implemented a City-wide layoff, including personnel from the Inglewood Police Department. | Dkt. 47-3, Saunders Decl., ¶¶ 7-10, Exhs. H, I, and J; Dkt. 47-5, Herd Decl., ¶ 10, Exh N. |
| 54. The City implemented cost savings measures to reduce the gap in the budget, including freezing positions, layoff of non-essential personal and furlough. | Dkt. 47-3, Saunders Decl., ¶¶ 7-10, Exhs. H, I, and J; Dkt. 47-5, Herd Decl., ¶ 10, Exh N. |
| 55. These cost savings measures were implemented from 2009 to the present. | Dkt. 47-3, Saunders Decl., ¶¶ 7-10, Exhs. H, I, and J; Dkt. 47-5, Herd Decl., ¶ 10, Exh N. |
| 56. In January 2011, the City elected Mayor James Butts. | Dkt. 47-2, Goldsmith Decl., ¶ 5, Exh. C, Butts Depo. at 23:10-14. |
| 57. When Mayor Butts took office, there were positions in the Police | Dkt. 47-2, Goldsmith Decl., ¶ 5, Exh. C, Butts Depo., 33:8-18. |

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| Department that were unfilled and removed from the budget, thus no longer needing funding. | |
| 58. In May 2011, the City's budget was amended to eliminate vacant positions from the IPD. | Dkt. 47-3, Saunders Decl., ¶ 9, Exh. I. |
| 59. To close the fiscal gap, Mayor Butts began considering the possibility of layoffs of IPD police officers in 2011. | Dkt. 47-2, Goldsmith Decl., ¶ 5, Exh. C, Butts Depo., 27:11-13, 35:15-24. |
| 60. In fact, a reduction in the size of the police force also took place in 2008-2009. | Dkt. 47-2, Goldsmith Decl., ¶ 5, Exh. C, Butts Depo., 33:8-18. |
| 61. Mr. Falkow knew, in his capacity of Assistant City Manager, that eight officers would need to be laid off to reduce the structural deficit. | Dkt. 47-2, Goldsmith Decl., ¶ 7, Exh. E, Falkow Depo. at 45:17-22; see also Dkt. 47-5, Herd Decl., ¶¶ 6-7. |
| 62. In July 2011, the City hired Artie Fields as the City Manager. | Dkt. 47-2, Goldsmith Decl., ¶ 8, Exh. F, Fields Depo. at 7:3-5. |
| 63. After he was hired, Mr. Fields learned that the City had (1) gone through about $30 million in reserves; (2) that positions had been eliminated; (3) that people have been laid off; (4) that City employees were furloughed; and (5) that city services and programs were cut. | Dkt. 47-2, Goldsmith Decl., ¶ 8, Exh. F, Fields Depo. at 16:6-9. |
| 64. In July 2011, City Manager Fields | Dkt. 47-2, Goldsmith Decl., ¶ 8, Exh. F, |

**BERGMAN DACEY GOLDSMITH**
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| learned that the CHRP grant funds were not being used for hiring police officers and informed city staff about his experience in modifying a CHRP grant. | Fields Depo. at 29:12-30:12. |
| 65. In July 2011, Mayor Butts attended a meeting to discuss, in part, the CHRP grant, and if the grant could be utilized. | Dkt. 47-2, Goldsmith Decl., ¶ 5, Exh. C, Butts Depo. at 46:8-12. |
| 66. A discussion took place at the meeting in July 2011 regarding the possibility of modifying the CHRP grant from a hiring grant to a rehire grant, to preserve jobs. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 113:6-11; ¶ 5, Exh. C, Butts Depo. at 46:8-12. |
| 67. Mayor Butts asked at this July 2011 meeting if it was a chance to rehire police officers that the City was already intending to lay off. | Dkt. 47-2, Goldsmith Decl., ¶ 5, Exh. C, Butts Depo., 48:21-25. |
| 68. City Manager Fields represented that he had modified the CHRP grant to a rehire grant when he was the City Manager of Salinas. | Dkt. 47-2, Goldsmith Decl., ¶ 8, Exh. F, Fields Depo. at 50:2-13, 58:15-17. |
| 69. City Manager Fields knew that all police officer vacant positions needed to be eliminated before a layoff could occur. | Dkt. 47-2, Goldsmith Decl., ¶ 8, Exh. F, Fields Depo. at 17:6-8. |
| 70. City Manager Fields also knew that | Dkt. 47-2, Goldsmith Decl., ¶ 8, Exh. F, |

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| in order to convert the City's CHRP hiring grant into a retention grant, the City could not engage in the practice of supplanting. | Fields Depo. at 55:16-19, 56:2-3. |
| 71. The City submitted a request to modify the grant in August 2011. | Dkt. 47-5, Herd Decl., ¶ 8, Exh. L. |
| 72. At the time the City submitted its application for a CHRP modification, it had a budget deficit and its expenditures were exceeding its revenues. | Dkt. 47-2, Goldsmith Decl., ¶ 7, Exh. E, Falkow Depo. at 198:9-17. |
| 73. Mr. Sissac did not review the August 2011 modification request. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 141:2-6. |
| 74. The City referenced in the request the impending layoffs, but did not attach any layoff notices of as many as fifteen police officers. | Dkt. 47-5, Herd Decl., ¶ 8, Exh. L. |
| 75. In August 2011, the DOJ rejected the City's modification request and expressly provided that to modify the CHRP grant to a rehire grant, the City must demonstrate that the officers are "officially scheduled for layoff on a specific date." | Dkt. 47-5, Herd Decl., ¶ 9, Exh. M. |
| 76. Mr. Sissac did not see or review the rejection from the DOJ. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 65:2-8. |
| 77. In August 2011, the Chief of Police | Dkt. 47-2, Goldsmith Decl., ¶ 4, Exh. B, |

SEPARATE STATEMENT RE MSJ

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| called a meeting regarding CHRP that Mr. Sissac did not attend. | Sissac 2 Depo. at 235:17-21, 236:4-5. |
| 78. Mr. Sissac does not recall whether he attended the "meet and confer" that occurred between the City and the Inglewood Police Association regarding the layoffs. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 145:15-19; ¶ 4, Exh. B, Sissac 2 Depo. at 237:11-15. |
| 79. On September 27, 2011, City Manager Fields presented to the City Council the 2011-2012 City budget for approval. | Dkt. 47-3, Saunders Decl., ¶ 10, Exh. J. |
| 80. On September 27, 2011, the City Council for the City adopted the 2011-2012 annual budget. | Dkt. 47-2, Goldsmith Decl., ¶ 4, Exh. B, Sissac 2 Depo. at 253:16-22. |
| 81. The City's approved 2011-2012 budget did not include the hiring of any new police officers. | Dkt. 47-3, Saunders Decl., ¶¶ 8-10, Exhs. H, I, & J. |
| 82. The City's 2011-2012 budget included the layoff of eight IPD officers. | Dkt. 47-2, Goldsmith Decl., ¶ 4, Exh. B, Sissac 2 Depo. at 253:16-22. |
| 83. The City's 2011-2012 budget had no funded vacant police officer positions, which is City classification number 514. | Dkt. 47-2, Goldsmith Decl., ¶ 7, Exh. E, Falkow Depo. at 46:1-11; 46:21-47:4, 76:13, 208:4-6. |
| 84. In fact, the City saw a decrease in the 514 sworn personnel since 2009. | Dkt. 47-2, Goldsmith Decl., ¶ 7, Exh. E, Falkow Depo. at 208:10-12. |
| 85. Under the City's policies, | Dkt. 47-2, Goldsmith Decl., ¶ 7, Exh. E, |

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

SEPARATE STATEMENT RE MSJ

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| procedures, and bargaining agreements, the City could not have laid off any officer if there had been a budgeted funded position in that classification. | Falkow Depo. at 39:22-40:2. |
| 86. The City's 2011-2012 budget had eliminated or frozen all IPD police officer vacancies. | Dkt. 47-2, Goldsmith Decl., ¶ 7, Exh. E, Falkow Depo. at 206:12-15; Goldsmith Decl., ¶ 9, Exh. G. |
| 87. The City's 2011-2012 budget, even with the cuts and elimination of positions, was still operating in a deficit. | Dkt. 47-3, Saunders Decl., ¶¶ 8-10, Exhs. H, I, & J; Dkt. 47-5, Herd Decl., ¶ 10, Exh N. |
| 88. At the time, there were not enough reserves to balance the budget. | Dkt. 47-2, Goldsmith Decl., ¶ 8, Exh. F, Fields Depo. at 34:10-12. |
| 89. More specifically, there were no general funds available in the IPD budget for the retention of the eight police officers to be laid off. | Dkt. 47-5, Herd Decl., ¶ 7; Dkt. 47-2, Goldsmith Decl., ¶ 7, Exh. E, Falkow Depo. at 44:11-45:22. |
| 90. During this time period, Mayor Butts and several City officials, traveled to Washington D.C., and in one meeting the Mayor met with the DOJ regarding the CHRP grant. | Dkt. 47-2, Goldsmith Decl., ¶ 5, Exh. C, Butts Depo. at 54:10-23. |
| 91. Mayor Butts discussed with the DOJ the modification of the CHRP grant to determine, personally, if the City was doing the proper thing. | Dkt. 47-2, Goldsmith Decl., ¶ 5, Exh. C, Butts Depo. at 54:10-23, 56:6-13. |

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 92. On October 5, 2011, the City issued layoff notices to the eight police officers. | Dkt. 47-2, Goldsmith Decl., ¶ 4, Exh. B, Sissac 2 Depo. at 252:8-13; see also Dkt. 47-5, Herd Decl., ¶ 10, Exh N [layoff notices]. |
| 93. Each officer was given a month's notification, and the effective date of the layoff was November 5, 2011. | Dkt. 47-2, Goldsmith Decl., ¶ , Exh. B, Sissac 2 Depo. at 250:6-11; see also Dkt. 47-5, Herd Decl., ¶ 10, Exh N [layoff notices]. |
| 94. On October 5, 2011, Chief of Police Jacqueline Seabrooks, with then Captain (now Chief) Mark Fronterotta, held a meeting and presented the layoff notices to these eight officers. | Dkt. 33, ¶ 24; Dkt. 47-2, Goldsmith Decl., ¶ 6, Exh. D, Fronterotta Depo. at 46:17-21. |
| 95. Mr. Sissac did not attend the meeting of October 5, 2011. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 72:6-9. |
| 96. At the October 5, 2011 meeting, some of the officers were emotional regarding the decision of the City to layoff IPD officers. | Dkt. 47-2, Goldsmith Decl., ¶ 6, Exh. D, Fronterotta Depo. at 47:9-12. |
| 97. Police Chief Seabrooks, at the October 5, 2011 meeting, did not advise these eight officers that they were not really going to be laid off. | Dkt. 47-2, Goldsmith Decl., ¶ 6, Exh. D, Fronterotta Depo. at 47:4-8. |
| 98. The decision of a layoff rests with the City's City Council. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 79:20-22; Dkt. 47-3, Saunders Decl., ¶ 7. |

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110. Facsimile: (310) 474-0931

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 99. On October 12, 2011, the City submitted a second modification request to the DOJ. | Dkt. 47-5, Herd Decl., ¶ 10, Exh. N. |
| 100.    Attached to the October 2011 modification request were copies of the eight layoff notices. | Dkt. 47-5, Herd Decl., ¶ 10, Exh. N. |
| 101.    Mr. Sissac did not author the October 2011 modification request. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 119:21-120:13. |
| 102.    Mr. Sissac did not review the October 2011 modification request. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 119:21-120:13. |
| 103.    Mr. Sissac did not examine the City of Inglewood's financial condition around the time of the submission of the October 2011 modification request. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 130:22-131:3. |
| 104.    City Attorney Saunders informed Mr. Sissac that the issue had been looked at and that the City should not be concerned. | Dkt. 47-3, Saunders Decl., ¶ 12. |
| 105.    On October 19, 2011, Police Chief Seabrooks received an email from the DOJ notifying the City that the DOJ had granted the modification request. | Dkt. 47-5, Herd Decl., ¶ 11, Exh. O. |
| 106.    The modified CHRP grant authorized the City to use the CHRP grant to retain eight (8) officers, | Dkt. 47-5, Herd Decl., ¶ 12, Exhs. P & Q. |

SEPARATE STATEMENT RE MSJ

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110. Facsimile: (310) 474-0931

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| although the City had just notified the officers of the layoff. | |
| 107.    The DOJ modified the City's grant because, in part, (1) the layoffs could have occurred even in the absence of the CHRP grant because of the local financial reasons documented in the City's request, and (2) the City will use the CHRP funds only after the scheduled lay-off date. | Dkt. 47-5, Herd Decl., ¶ 12, Exhs. P & Q. |
| 108.    Mr. Sissac believed that he did receive and review the modification award by the DOJ of the CHRP grant, but could not recall. | Dkt. 47-2, Goldsmith Decl., ¶ 4, Exh. B, Sissac 2 Depo. at 254:15-17. |
| 109.    Mr. Sissac is unaware as to what statutory authority the DOJ relied upon to grant the modification request with only layoff notices. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 45:19-23. |
| 110.    In February 2012, the City requested reimbursement from the CHRP program, and that request was granted by the federal government. | Dkt. 47-5, Herd Decl., ¶ 15. |

**ADJUDICATION OF ISSUE NO. 8**:

Plaintiff's Third Cause of Action for Whistleblower Retaliation in Violation of Labor Code Section 1102.5 Against All Defendants must be adjudicated in favor of Defendants, and each of them, because the undisputed facts establish as a matter of law that **even if Plaintiff engaged in protected activity, there is no causal**

1  **connection between the protected activity and the adverse employment action**.

2  Separate Statement of Undisputed Materials Facts, Nos. 111-123.

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 111.   Mr. Sissac does not know if City Attorney Saunders spoke to Mayor Butts. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 192:17-23. |
| 112.   City Attorney Saunders generally did not share the identity of the persons who share their legal concerns with him. | Dkt. 47-3, Saunders Decl., ¶ 6. |
| 113.   Mr. Sissac never authorized City Attorney Saunders to share his concerns with anyone. | Dkt. 47-3, Saunders Decl., ¶ 12. |
| 114.   City Attorney Saunders did not speak with Mayor Butts regarding Mr. Sissac's concern regarding the modification of the CHRP grant. | Dkt. 47-3, Saunders Decl., ¶ 12. |
| 115.   Mayor Butts was never notified (by anyone) that Mr. Sissac met with City Attorney Saunders, wherein Mr. Sissac conveyed his belief that the manner that the CHRP grant was being modified or used was unlawful. | Dkt. 47-2, Goldsmith Decl., ¶ 5, Exh. C, Butts Depo., 65:11-15. |
| 116.   City Attorney Saunders did not speak to then Captain (now Chief) Fronterotta regarding Mr. Sissac's concern regarding the modification of the CHRP grant. | Dkt. 47-3, Saunders Decl., ¶ 12. |

BERGMAN DACEY GOLDSMITH<br>10880 Wilshire Blvd. Suite 900<br>Los Angeles, California 90024<br>Telephone: (310) 470-6110, Facsimile: (310) 474-0931

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 117.    Mr. Sissac did not tell the City Council of his "supplanting" concerns regarding the CHRP grant. | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 158:6-9; see also Dkt. 47-2, Goldsmith Decl., ¶ 7, Exh. E, Falkow Depo. at 58:13-16. |
| 118.    Mayor Butts never found out that Mr. Sissac maintained that the manner that the City was modifying the CHRP grant to secure the $3 million funds was done unlawfully. | Dkt. 47-2, Goldsmith Decl., ¶ 5, Exh. C, Butts Depo., 61:1-5. |
| 119.    Then Captain (now Chief) Fronterotta never learned in the Summer of 2011 that Mr. Sissac expressed an opinion that the manner in which the City's CHRP grant was being modified was illegal. | Dkt. 47-2, Goldsmith Decl., ¶ 6, Exh. D, Fronterotta Depo. at 28:8-14; 40:13-16. |
| 120.    On or about October 8, 2015, Plaintiff's termination became final. | Dkt. 33, ¶ 37. |
| 121.    Mayor Butts was never advised by Chief Fronterotta that the Chief would be recommending termination of Mr. Sissac. | Dkt. 47-2, Goldsmith Decl., ¶ 5, Exh. C, Butts Depo., 89:8-13; Dkt. 47-2, Goldsmith Decl., ¶ 6, Exh. D, Fronterotta Depo. at 243:7-23. |
| 122.    Mr. Falkow did not tell Mayor Butts that Mr. Sissac was claiming that he was being retaliated against because of his concern regarding the CHRP grant. | Dkt. 47-2, Goldsmith Decl., ¶ 7, Exh. E, Falkow Depo. at 192:24-193:2. |
| 123.    Mr. Falkow did not tell Chief | Dkt. 47-2, Goldsmith Decl., ¶ 7, Exh. E, |

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

SEPARATE STATEMENT RE MSJ

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| Fronterotta that Mr. Sissac was claiming that he was being retaliated against because of his concern regarding the CHRP grant funding. | Falkow Depo. at 195:4-7. |

**ADJUDICATION OF ISSUE NO. 9:**

Plaintiff's Fourth Cause of Action for Defamation Against the Individual Defendants must be adjudicated in favor of Defendants, and each of them, because the undisputed facts establish as a matter of law that **the alleged oral defamatory statement made by Mayor Butts never occurred.** Separate Statement of Undisputed Materials Facts, Nos. 124-130.

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 124.   According to Mr. Sissac's First Amended Complaint, the first defamatory statement was an oral statement made by Mayor Butts: "On June 9, 2014, Defendant Butts published a defamatory statement about the Plaintiff by stating to a civilian that Plaintiff had severe deficits in his performance." | Dkt. 33, ¶ 79. |
| 125.   Plaintiff further alleges in his First Amended Complaint that "The statement was defamatory in that it addressed Plaintiff's performance as a Police Captain.  The statement was also untrue since Plaintiff did not have severe deficits in his | Dkt. 33, ¶ 80. |

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| performance. In addition, the statement was not privileged and it was made with malice, because Defendant Butts had personal animosity towards the Plaintiff because the Plaintiff stated that Defendant Butts had engaged in illegal conduct with regards to his handling of the CHRP grant as alleged herein." | |
| 126.   In June 2014, Mayor Butts and Kevin Harris Sr. had a conversation, where, among other things, Mr. Sissac's name was mentioned. | Dkt. 47-8, Declaration of Kevin Harris ("Harris Decl."), ¶ 7. |
| 127.   Mr. Harris told Mayor Butts that he was impressed with Mr. Sissac's ability to empathize with the families of gun violence victims. | Dkt. 47-8, Harris Decl., ¶ 7. |
| 128.   In response, Mayor Butts said that Mr. Sissac sometimes had opinions—without disclosing what those opinions were—that conflicted with the opinions of Mr. Sissac's superiors. | Dkt. 47-8, Harris Decl., ¶ 8. |
| 129.   Mayor Butts did not comment on the job performance of Mr. Sissac, nor did Mayor Butts say that Mr. | Dkt. 47-8, Harris Decl., ¶ 8. |

SEPARATE STATEMENT RE MSJ

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| Sissac had severe deficits in his performance as a police officer. | |
| 130.   Mayor Butts did not tell Mr. Harris that Mr. Sissac was bad at his job. | Dkt. 47-8, Harris Decl., ¶ 8; Dkt. 47-2, Goldsmith Decl., ¶ 5, Exh. C, Butts Depo., 83:9-12. |

**ADJUDICATION OF ISSUE NO. 10**:

Plaintiff's Fourth Cause of Action for Defamation Against the Individual Defendants must be adjudicated in favor of Defendants, and each of them, because the undisputed facts establish as a matter of law that **the alleged oral defamatory statement made by Mayor Butts was a nonactionable statement of opinion**. Separate Statement of Undisputed Materials Facts, No. 131.

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 131.   Mr. Sissac alleges that "On June 9, 2014, Defendant Butts published a defamatory statement about the Plaintiff by stating to a civilian that Plaintiff had severe deficits in his performance." | Dkt. 33, ¶ 79. |

**ADJUDICATION OF ISSUE NO. 11**:

Plaintiff's Fourth Cause of Action for Defamation Against the Individual Defendants must be adjudicated in favor of Defendants, and each of them, because the undisputed facts establish as a matter of law that **the alleged written defamatory statement made by Chief Fronterotta was not published to a third party**. Separate Statement of Undisputed Materials Facts, Nos. 132-134.

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 132.   According to Mr. Sissac's First Amended Complaint, the second | Dkt. 33, ¶ 81. |

**BERGMAN DACEY GOLDSMITH**
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| alleged defamatory statement was a written statement made by Chief Fronterotta: "On July 15, 2014, Plaintiff was served with a performance evaluation drafted by Chief Fronterotta.  As provided herein, the performance evaluation contained defamatory and untrue statements about Plaintiff's performance.  The statements were not privileged since it was made with malice because Defendant Fronterotta, had personal animosity towards the Plaintiff because Plaintiff stated that Defendant Fronterotta had engaged in illegal conduct with regards to his handling of the CHRP grant as alleged herein." | |
| 133.   Mr. Sissac does not allege in the operative First Amended Complaint that the performance evaluation drafted by Chief Fronterotta in 2015 was published to a third party. | Dkt. 33, ¶ 81. |
| 134.   Mr. Sissac admitted that he is not aware that, at the time of the performance evaluation, anyone received a copy of the evaluation | Dkt. 47-2, Goldsmith Decl., ¶ 3, Exh. A, Sissac 1 Depo. at 222:8-11. |

SEPARATE STATEMENT RE MSJ

eg

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| authored by Chief Fronterotta that he claims is libelous. | |

## ADJUDICATION OF ISSUE NO. 12:

Plaintiff's Fourth Cause of Action for Defamation Against the Individual Defendants must be adjudicated in favor of Defendants, and each of them, because the undisputed facts establish as a matter of law that **the alleged written defamatory statement made by Chief Fronterotta was a nonactionable opinion**.   Separate Statement of Undisputed Materials Facts, No. 135.

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 135.   In response to a question about what he felt was defamatory about the written statement, Mr. Sissac replied: "They are factually incorrect.  They put me into a light that I failed as a captain.  I think there's language in here that actually says I failed at my job or failed to complete something.  I don't know where it is.  I'll have to research the entire document to find out." | Dkt. 47-2, Goldsmith Decl., ¶ 4, Exh. B, Sissac 2 Depo. at 386:20-387:2. |

## ADJUDICATION OF ISSUE NO. 13:

Plaintiff's Fourth Cause of Action for Defamation Against the Individual Defendants must be adjudicated in favor of Defendants, and each of them, because the undisputed facts establish as a matter of law that **the doctrine of qualified immunity applies to the statements of both Mayor Butts and Chief Fronterotta**. Separate Statement of Undisputed Materials Facts, No. 136.

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 136.    For ease of reference, and to minimize repetition and the length of this separate statement, Defendants incorporate by reference Undisputed Materials Facts, Nos. 133-145 as fully stated herein. | See Above.  Undisputed Materials Facts, Nos. 133-145 facts speak to this issue. |

**ADJUDICATION OF ISSUE NO. 14**:

Plaintiff's Fifth Cause of Action for violation of Gov't Code §3304 Against Defendant  City of Inglewood must be adjudicated in favor of Defendants, and each of them, because the undisputed facts establish as a matter of law that **Plaintiff cannot establish that Defendants' failure to remove the overturned written reprimand is a punitive action**.  Separate Statement of Undisputed Materials Facts, Nos. 137-145.

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 137.   On May 16, 2014, Mr. Sissac received a written reprimand from Defendant Fronterotta regarding Mr. Sissac having missed a training class. | Dkt. 33, ¶ 81. |
| 138.   However, this written reprimand was not timely, as it fell outside the one-year statute of limitations. | Dkt. 47-2, Goldsmith Decl., ¶ 6, Exh. D, Fronterotta Depo. at 153:4-11, 153:23-154:8. |
| 139.   Chief Fronterotta admitted that his Internal Affairs lieutenant gave him the wrong date when investigating Mr. Sissac's failure to attend a training class. | Dkt. 47-2, Goldsmith Decl., ¶ 6, Exh. D, Fronterotta Depo. at 153:23-154:8. |

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 140.   After realizing that he had the incorrect date, Chief Fronterotta overturned Mr. Sissac's discipline. | Dkt. 47-2, Goldsmith Decl., ¶ 6, Exh. D, Fronterotta Depo. at 153:23-154:8. |
| 141.   When any written reprimand is rescinded or withdrawn, the IPD still retains the paperwork in its files. | Dkt. 47-2, Goldsmith Decl., ¶ 6, Exh. D, Fronterotta Depo. at 154:14-17. |
| 142.   Every five or five and a half years, the IPD conducts purges where overturned written reprimands are eventually purged. | Dkt. 47-2, Goldsmith Decl., ¶ 6, Exh. D, Fronterotta Depo. at 154:14-17. |
| 143.   The IPD retains these overturned written reprimands as part of their best practices for document retention. | Dkt. 47-2, Goldsmith Decl., ¶ 6, Exh. D, Fronterotta Depo. at 154:18-155:8. |
| 144.   Chief Fronterotta testified that it is a "dangerous area" to remove documents from files and that "you just don't summarily just destroy records." | Dkt. 47-2, Goldsmith Decl., ¶ 6, Exh. D, Fronterotta Depo. at 154:18-155:8. |
| 145.   In fact, the IPD does not destroy its records without official approval, such as approval from the City Council or a court order. | Dkt. 47-2, Goldsmith Decl., ¶ 6, Exh. D, Fronterotta Depo. at 154:18-155:8. |
| 146.   Mr. Sissac applied for employment at the Fontana Unified School District ("FUSD"), to be the FUSD's Chief of Police. | Dkt. 47-2, Goldsmith Decl., ¶ 10. |

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 147.   Mr. Sissac signed a written authorization for the background investigator to obtain and receive Mr. Sissac's Internal Affairs ("IA") files. | Dkt. 47-2, Goldsmith Decl., ¶ 10. |
| 148.   The IA files included a folder which contains the written reprimand by Chief Fronterotta, and its recovation. | Dkt. 47-2, Goldsmith Decl., ¶ 10. |
| 149.   The background investigator was provided with Mr. Sissac's IA files. | Dkt. 47-2, Goldsmith Decl., ¶ 10. |
| 150.   Mr. Sissac was hired by the FUSD as its Chief of Police. | Dkt. 47-2, Goldsmith Decl., ¶ 10. |

DATED: August 29, 2016        BERGMAN DACEY GOLDSMITH

By: _____
                Gregory M. Bergman
                Michele M. Goldsmith
                Jason J. Barbato
        Attorneys for Defendants
        CITY OF INGLEWOOD; MAYOR JAMES
        BUTTS; CHIEF OF POLICE MARK
        FRONTEROTTA

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931